UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA U. LEVY,<br><br>             Plaintiff,<br><br>     v.<br><br>SUBWAY,<br><br>             Defendant. | No.  2:13-cv-1109 GEB AC PS<br><br><br>ORDER AND<br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se.  Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

1  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
3  490 U.S. at 327.
4       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
5  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
6  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467
7  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
8  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under
9  this standard, the court must accept as true the allegations of the complaint in question, Hospital
10  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
11  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
12  McKeithen, 395 U.S. 411, 421 (1969).
13       Plaintiff claims that on May 25, 2013, she entered a Subway store in Sacramento,
14  California but was told by a female employee that plaintiff could not purchase food using an EBT
15  card.  This employee threatened to call the police to remove plaintiff from the premises, but then
16  changed her mind and allowed plaintiff to purchase food using the EBT card.  On May 28, 2013,
17  plaintiff returned to the store and interacted with the same female employee, who purportedly
18  called plaintiff "Honey."  Compl. 3.  Plaintiff contends this constitutes sexual harassment and
19  false imprisonment.  Plaintiff also accuses the employee of defaming and bullying her in the
20  presence of other customers.  Plaintiff claims that this employee's conduct caused plaintiff to fall
21  sideways and injure her neck.  She then proceeds to accuse women in general of bullying her all
22  of her life for not aging, that she has suffered at least 50 wrongful terminations and 5000
23  "refusals" at the hands of women, that she is terrified to go to a public place with women only for
24  fear that they will bully her, and that three women kidnaped her child in 2003.  She seeks
25  $5,000,000.00 in damages.  On review, the court finds the allegations in plaintiff's complaint so
26  fantastical and bizarre that it concludes that plaintiff's complaints are "clearly baseless."  Neitzke,
27  490 U.S. at 327.  For this reason, the complaint must be dismissed.
28       The court also notes that this complaint appears to be one of several hundred frivolous

2

1  complaints that plaintiff has filed all over the country.  See Ajuluchuku–Levy v. Schleifer, 2009
2  WL 4890768, at *7 (E.D.N.Y. Dec. 15, 2009) ("[A] survey of the dockets of the United States
3  district courts reveals that as of the date of this Order, Plaintiff has commenced two hundred fifty-
4  eight (258) actions in various district courts across the United States. Several district courts have
5  noted that "the 'overwhelming majority' of cases filed by plaintiff have been totally without
6  merit.") (quoting Ajuluchuku v. Southern New England School of Law, 2006 WL 2661232, at *3
7  (N.D. Ga. Sep. 14, 2006)).  In light of plaintiff's frivolous allegations herein, as well as her
8  history of filing frivolous actions containing many of the same allegations, the court will
9  recommend that this action be dismissed without leave to amend pursuant to 28 U.S.C.
10  § 1915(e)(2).  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily
11  would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears
12  amendment would be futile).

13       In accordance with the above, IT IS HEREBY ORDERED that plaintiff's application to
14  proceed in forma pauperis is granted; and

15       IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed without leave
16  to amend.

17       These findings and recommendations are submitted to the United States District Judge
18  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Plaintiff has an
19  opportunity to oppose by filing objections to these findings and recommendations.  Within
20  fourteen days after being served with these findings and recommendations, she may file written
21  objections with the court and serve all parties.  Such documents should be titled "Objections to
22  Magistrate Judge's Findings and Recommendations."  Replies to the objection shall be served and
23  filed within ten days after service of the objections.  Failure to file objections within the specified
24  ////
25  ////
26  ////
27  ////
28  ////

1  time may waive the right to appeal the District Court's order.  See generally Martinez v. Ylst, 951

2  F.2d 1153 (9th Cir. 1991).

3  DATED: August 19, 2013

4  
5  ALLISON CLAIRE
   UNITED STATES MAGISTRATE JUDGE

/mb;levy1109.ifpgrant.dism

4